**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000704
18-OCT-2024
07:57 AM
Dkt. 71 SO**

NO. CAAP-21-0000704

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE ARBITRATION BETWEEN

BRIAN S.I. KIM, Plaintiff-Appellant,
v.
HICKAM COMMUNITIES LLC, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CSP-21-0000248)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Brian S.I. **Kim** appeals from the November 18, 2021 **Order** denying his motion to vacate an arbitration award and confirming the award, entered by the Circuit Court of the First Circuit.[1] We affirm.

**Hickam** Communities LLC terminated Kim's employment in 2013. Kim sued Hickam in 2014. Kim and Hickam had signed an agreement that required arbitration of any employment dispute. The parties stipulated to dismiss the lawsuit and arbitrate Kim's claims through Dispute Prevention & Resolution, Inc. (**DPR**). They selected an arbitrator. A prearbitration conference call was set for January 6, 2016. Kim's attorney didn't call in because of a calendaring error.

---

[1] The Honorable James H. Ashford presided.

Nothing happened until May 31, 2019, when Kim's attorney emailed Hickam's attorney about the arbitration. Hickam's attorney didn't respond.

On December 1, 2020, Kim's attorney emailed DPR to reschedule the arbitration. The neutral the parties had selected was no longer handling arbitrations, so the parties selected a replacement.

Hickam moved to dismiss the arbitration on April 27, 2021, based on laches and waiver. It argued "two key witnesses" were unavailable, and other witnesses' memories "will have inevitably faded" in the more than seven years since Kim's termination. Kim's opposition argued DPR had taken no action to reschedule the prearbitration conference, and Hickam should have reset it if Hickam was concerned about the passage of time. The arbitrator made an **Award** granting Hickam's motion to dismiss. The Award stated it was made "solely on the basis of waiver (and not on the basis of laches, because prejudice to defendant has not been sufficiently shown) due to the long period of no action by [Kim] to pursue arbitration."

Kim moved to modify or correct the Award. He argued that DPR's Arbitration **Rules** let any party or the arbitrator call a conference, and required the arbitrator — not Kim — to set the hearing date. Kim's motion was denied.

On September 14, 2021, Kim filed the special proceeding below by moving to vacate the Award. The circuit court entered the Order, which denied the motion to vacate and confirmed the Award, on November 18, 2021. This appeal followed. We review de novo. Tatibouet v. Ellsworth, 99 Hawaiʻi 226, 233, 54 P.3d 397, 404 (2002).

Kim contends the circuit court erred by confirming the Award.

> Judicial review of an arbitration award is confined to the strictest possible limits, and a court may only vacate an award on the grounds specified in [Hawaii Revised Statutes (**HRS**)] § 658A-23 and modify or correct on the

2

grounds specified in HRS § 658A-24.  This standard applies
to both the circuit court and the appellate courts.

In re Hawaiʻi State Teachers Association, 140 Hawaiʻi 381, 391,
400 P.3d 582, 592 (2017) (cleaned up).

Kim argues the arbitrator "refused to consider the
evidence of the DPR Arbitration Rules[.]"  A court may vacate an
arbitration award if the arbitrator "refused to consider evidence
material to the controversy . . . so as to prejudice
substantially the rights of a party to the arbitration
proceeding[.]"  HRS § 658A-23(a)(3) (2016).  Kim's argument is
not persuasive.  DPR's rules are not evidence.  An arbitrator's
misapplication of the law — or rules — is not a basis to vacate
an award.  See Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136
Hawaiʻi 29, 42, 358 P.3d 1, 14 (2015) (noting that "courts are
powerless to correct an arbitrator's . . . rulings on the law,
even if wrong").

Kim also argues the arbitrator "exceeded her powers" by
"finding a waiver by [Kim] of his right to arbitration[.]"  A
court may vacate an arbitration award if the "arbitrator exceeded
the arbitrator's powers[.]"  HRS § 658A-23(a)(4).  An
arbitrator's power is determined by the arbitration agreement.
Tatibouet, 99 Hawaiʻi at 235, 54 P.3d at 406.  DPR's arbitration
agreement provided:

> Unless the parties' agreement provides otherwise, **the
> Arbitrator** shall determine all issues submitted to
> arbitration by the parties and **may grant any and all
> remedies that the Arbitrator determines to be just and
> appropriate under the law**.

(Emphasis added.)

Kim doesn't argue that the Hickam arbitration agreement
restricts the arbitrator from granting any remedy the arbitrator
determines to be appropriate under the law.  The arbitrator
determined that dismissal based on waiver was an appropriate
remedy under the law.  The arbitrator acted within her power by
making the Award.  The circuit court could not properly have

vacated the Award even if it disagreed with the arbitrator's findings of fact or application of the law.  <u>Nordic</u>, 136 Hawaiʻi at 42, 358 P.3d at 14.

The November 18, 2021 "Order (1) Denying Plaintiff Brian S.I. Kim's Motion to Vacate Arbitration Award Dated June 16, 2021 (Filed Sept. 14, 2021, DKT 1) and (2) Confirming Arbitration Award Dated June 16, 2021" is affirmed.

DATED: Honolulu, Hawaiʻi, October 18, 2024.

On the briefs:

Charles H. Brower,
Michael P. Healy,
for Plaintiff-Appellant.

Sarah O. Wang,
Andrea Lux Miyashita,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge